Gary W. Osborne (Bar No. 145734)
Dominic S. Nesbitt (Bar No. 146590)
OSBORNE & NESBITT LLP
501 West Broadway, Suite 1760
San Diego, California 92101
Phone: (619) 557-0343
Fax: (619) 557-0107

Attorneys for Plaintiffs
PATENAUDE & FELIX APC
and RAYMOND PATENAUDE



UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATENAUDE & FELIX APC and RAYMOND PATENAUDE<br><br>Plaintiffs,<br><br>vs.<br><br>STATE NATIONAL INSURANCE COMPANY, a Texas corporation<br><br>Defendant. | CASE NO. '08 CV 0596 JAH AJB<br><br>**COMPLAINT FOR BREACH OF CONTRACT; TORTIOUS BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; AND FOR PUNITIVE DAMAGES** |

Plaintiffs Patenaude & Felix, APC and Raymond Patenaude respectfully allege as follows:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1332(a), because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

///

## THE PARTIES

2. Plaintiff Patenaude & Felix is, and at all relevant times was, a professional corporation duly organized and existing under the laws of the State of California. Its principal place of business is located in San Diego, California.

3. Plaintiff Raymond Patenaude is an individual who is, and at all relevant times was, an owner, director, or stockholder of Patenaude & Felix.

4. Defendant State National Insurance Company is, and at all relevant times was, a corporation organized and existing under the laws of the State of Texas. State National's principal place of business is also located in the State of Texas.

## GENERAL ALLEGATIONS

**A.    State National Was Patenaude & Felix's Professional Liability Insurer**

5. On January 30, 2007, Patenaude & Felix completed a renewal application for a Lawyers Professional Liability Insurance policy it had previously purchased from State National. The policy was subsequently renewed with a policy term of February 22, 2007 to February 22, 2008, and bearing policy number SLA0004683.

6. State National's renewal policy provided coverage for professional liability claims against Patenaude & Felix and its lawyers. State National was obligated under its policy to pay damages that Patenaude & Felix and its lawyers became legally obligated to pay as a result of a claim first made against them during the policy term. State National also promised that it would "defend" any claim for damages against Patenaude & Felix and its lawyers even if such claim was groundless, false or fraudulent.

**B.    A Malpractice Complaint Was Served During State National's Policy Period**

7. During the term of State National's renewal policy, Emanuel Valdez served on Patenaude & Felix a complaint filed in the Superior Court for the State of California, County of Los Angeles, entitled *Emanuel Valdez v. Capital One Bank, et al.*, and bearing case number BC 363338. The complaint named Patenaude & Felix and Ray Patenaude as defendants, as well as two other lawyers at the firm, Michael Boulanger and David C.

Scott. The lawsuit accused these lawyers of violating the Fair Debt Collection Laws in connection with professional services provided during their representation of Capital One (a co-defendant in the *Valdez* action) in a collection action against Emanuel Valdez (the plaintiff in the *Valdez* action).

### C. State National Disclaimed Any Duty to Defend the *Valdez* Lawsuit

8. Defense of the *Valdez* complaint was tendered to State National in December 2007. On December 21, 2007, a denial letter was sent by State National via certified mail to Raymond Patenaude and Patenaude & Felix. The letter erroneously disclaimed coverage for the *Valdez* lawsuit on the sole ground that Patenaude & Felix had failed to tender the lawsuit within sixty days of first receiving notice of it (despite the absence of any provision in the policy requiring notice within sixty days of receipt of a claim). This erroneous coverage denial was then followed up by a demand made upon Patenaude & Felix by State National's coverage counsel that a person most knowledgeable at the firm submit to an examination under oath (the policy contains no provision requiring an insured to submit to an examination under oath). At this point, Patenaude & Felix was forced to retain its own coverage counsel to address State National's erroneous coverage denial and also to respond to State National's threat that a refusal to submit to an examination under oath would violate a condition precedent in the policy.

9. State National subsequently withdrew its demand that Patenaude & Felix submit to an examination under oath and also withdrew, as a basis for disclaiming coverage, the fact that more than 60 days had elapsed before Patenaude & Felix tendered the claim. In place of these reasons for disclaiming coverage, State National came up with another one. In January 2008, State National's coverage counsel notified Patenaude & Felix that State National was going to rescind the policy because certain claims (none of which related to the *Valdez* lawsuit) had not been disclosed on the renewal application for the policy. State National further advised Patenaude & Felix that it "will not be providing either a defense and/or indemnification to your client in the *Valdez* lawsuit."

10. Facing a coverage forfeiture and a pending trial date in the *Valdez* action, Patenaude & Felix tried to explain to State National that the renewal application did not require disclosure of the claims in question. Those claims had not been disclosed because they were considered by Patenaude & Felix to be nuisance matters within the policy deductible which the firm planned to handle in-house. Patenaude & Felix told State National that it had no expectation of coverage for such claims and it therefore made no sense to report such matters under the policy. Patenaude & Felix also drew State National's attention to the express language in the renewal application which alerted renewal applicants that there may be a "lack of coverage" for unreported matters. Patenaude & Felix fully understood this and was willing to forfeit coverage for nuisance matters. What Patenaude & Felix did not anticipate was that its reasonable actions in connection with claims reporting would be used by State National as a basis for attempting to rescind the entire policy, and to disclaim coverage for a claim for which the firm did require coverage protection.

11. State National has no reasonable basis for attempting to rescind its policy and in any event has a duty to pay Patenaude & Felix's reasonable defense costs in the *Valdez* action until such time as it has obtained a final judicial decision that it is entitled to rescind. State National's actions in attempting to rescind its policy and disclaiming a duty to defend the *Valdez* lawsuit amount to a clear breach of its contractual obligations and its implied covenant of good faith and fair dealing. Furthermore, its actions are malicious and oppressive. State National is fully aware that trial in the *Valdez* action was originally set to commence in February 2008 (it is now set for April 14, 2008), that its insureds have and continue to incur significant legal expenses, and face personal liability in the event of an adverse judgment. The potentially devastating financial harm caused by State National's actions threatens the firm's business survival and Mr. Patenaude's personal livelihood. To compound matters, prior to rescinding its policy, State National squandered an opportunity to settle the *Valdez* lawsuit within the limits of its policy.

12. Furthermore, State National waived, or is estopped from asserting, rescission as a result of its conduct and actions in, *inter alia*, (1) failing to investigate Patenaude & Felix's insurability when it issued and renewed the policy; (2) issuing a policy to Patenaude & Felix, a collection law firm, which State National knew or should have known is frequently the target of nuisance lawsuits that are typically resolved well within the policy deductible; (3) disclaiming a duty to defend on erroneous grounds; and (4) appointing a law firm to defend Patenaude & Felix against the *Valdez* lawsuit while rejecting Patenaude & Felix's request for different counsel, and then disclaiming coverage shortly before the first date set for trial. State National is also prevented from rescinding its policy based upon the equitable doctrines of laches and unclean hands.

## FIRST CLAIM FOR RELIEF

### Breach of Contract (Duty to Defend)

(By All Plaintiffs against State National)

13. Plaintiffs incorporate and re-allege paragraphs 1 through 12 as though fully set forth herein.

14. Plaintiffs performed all conditions, covenants, and promises required on their part to be performed in accordance with the terms and conditions of State National's policy.

15. State National breached the terms of its policy by wrongfully and unilaterally attempting to rescind its policy and denying a duty to defend Patenaude & Felix against the complaint filed by Emanuel Valdez.

16. As a direct and proximate result of the above-mentioned breaches of contract by State National, plaintiffs have been damaged in an amount to be proven at trial.

///

///

///

///

## SECOND CLAIM FOR RELIEF

## Breach of Contract (Duty to Indemnify)

(By All Plaintiffs against State National)

17. Plaintiffs incorporate and re-allege paragraphs 1 through 16 as though fully set forth herein.

18. Plaintiffs performed all conditions, covenants, and promises required on their part to be performed in accordance with the terms and conditions of State National's policy.

19. State National breached the terms of its policy by wrongfully and unilaterally attempting to rescind its policy, rejecting a reasonable demand to settle the *Valdez* lawsuit within the policy limits, and denying insurance benefits with respect to amounts owed as indemnification under its policy.

20. As a direct and proximate result of the above-mentioned breaches of contract by State National, plaintiffs have been damaged in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

## Tortious Breach Of The Implied Covenant
## Of Good Faith And Fair Dealing

(By All Plaintiffs against State National)

21. Plaintiffs incorporate and re-allege paragraphs 1 through 20 as though fully set forth herein.

22. A relationship of trust and confidence was established between State National on the one hand, and Patenaude & Felix and Raymond Patenaude on the other hand, by virtue of their status as insureds on State National's policy. State National had a duty to deal fairly and in good faith in all matters between them.

23. As a direct and proximate result of the above-mentioned breaches of the duty of good faith and fair dealing, plaintiffs have been damaged in an amount to be proven at trial. Said damages exceed the jurisdictional minimum required by this court.

24. Plaintiffs are informed and believe and on that basis allege that State National has wrongfully and unilaterally attempted to rescind its policy and has denied insurance benefits despite knowing facts which clearly and unambiguously demonstrated that it owed plaintiffs a defense and indemnification in the *Valdez* litigation. State National made a calculated decision to wrongfully deny its insureds' claim for a defense, reject an offer to settle the claim within the limits of the policy, attempt to rescind the policy, and gamble that its denial would go unchallenged. State National had intentionally denied its insureds' claim despite knowledge of its coverage obligations and acted with the specific intent to injure the plaintiffs. State National's conduct in this matter satisfies the statutory grounds of "oppression, fraud or malice" so as to justify an award of punitive damages in order to punish it and to deter such conduct in the future.

**WHEREFORE**, Plaintiffs pray for judgment against defendant as follows:

1. For damages sustained as a result of the breaches and tortious breaches of contract alleged herein, according to proof;

2. For attorneys' fees including, but not limited to, an award of attorneys' fees pursuant to *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985);

3. For punitive damages pursuant to California Civil Code section 3294; and

4. For prejudgment interest, costs and expenses of suit, and such other and further relief as the Court deems just and proper.

DATED: April \_\_1\_\_, 2008

OSBORNE & NESBITT LLP

By: _____
Gary W. Osborne
Attorneys for Plaintiffs
PATENAUDE & FELIX APC AND
RAYMOND PATENAUDE

```
        UNITED STATES
        DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
          SAN DIEGO DIVISION

     #  149264      -  SH

        April 01, 2008
          16:28:25


        Civ Fil Non-Pris
USAO #.: 08CV0596
Judge..: JOHN A HOUSTON
Amount.:                    $350.00 CK
Check#.: BC67851



Total->   $350.00



FROM: PATENAUDE & FELIX APC V.
      STATE NATIONAL INSURANCE CO
```

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PATENAUDE & FELIX APC and RAYMOND PATENAUDE

### DEFENDANTS
STATE NATIONAL INSURANCE COMPANY

**(b)** County of Residence of First Listed Plaintiff: San Diego, California
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Tarrant County, Texas
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Gary W. Osborne, Esq., Osborne & Nesbitt LLP, 501 W. Broadway, Suite 1760, San Diego, CA 92101; Phone: (619) 557-0343

Attorneys (If Known)

FILED APR 0 1 2008 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY DEPUTY

08 CV 0596 JAH AJB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1332(a)

Brief description of cause:
Breach of Contract; Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing; Punitive Damages

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ According to Proof
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ___ DOCKET NUMBER ___

DATE: 04/01/2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 149204  AMOUNT $350  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

SU 4/1/08

CR