SOLTMAN, LEVITT & FLAHERTY LLP
2535 Townsgate Road, Suite 307
Westlake Village, CA 91361
Telephone: (805) 497-7706
Facsimile: (805) 497-1147

John S. Levitt, Esq. (SBN 110820)

Attorneys for Defendant
State National Insurance Company

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATENAUDE & FELIX APC and RAYMOND PATENAUDE<br><br>Plaintiff,<br><br>v.<br><br>STATE NATIONAL INSURANCE COMPANY, a Texas corporation<br><br>Defendants. | CASE NO. 08 CV 0596 JAH AJB<br><br>**DEFENDANT STATE NATIONAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendant STATE NATIONAL INSURANCE COMPANY answers the Complaint of Plaintiffs PATENAUDE & FELIX APC and RAYMOND PATENAUDE by admitting, denying and alleging as follows:

**ANSWER**

1. In response to paragraph 1, this answering Defendant admits that jurisdiction in this matter is properly before this Court but denies the remainder of the allegations in this paragraph.

2. In response to paragraph 2, this answering Defendant believes that the allegations in this paragraph is true.

3. In response to paragraph 3, this answering Defendant believes that the allegations in this paragraph is true.

4. In response to paragraph 4 admits the truth of the allegations therein.

5. In response to paragraph 5, this answering Defendant are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore deny said allegations other than to admit that the policy did renew effective February 22, 2007.

6. In response to paragraph 6, this answering Defendant denies of the allegations contained in said paragraph.

7. In response to paragraph 7, this answering Defendant admits the allegations of this paragraph.

8. In response to paragraph 8, this answering Defendant admits that the Valdez lawsuit was tendered to Defendant and that a denial letter was sent. Defendant admits that a demand was made for an examination under oath. Defendant denies the remainder of the allegations in this paragraph.

9. In response to paragraph 9, this answering Defendant denies the allegations contained in this paragraph.

10. In response to paragraph 10, this answering Defendant this answering Defendant denies the allegations contained in this paragraph.

11. In response to paragraph 11, this answering Defendant In response to paragraph 9, this answering Defendant denies the allegations contained in this paragraph.

12. In response to paragraph 12, this answering Defendant denies the allegations contained in this paragraph.

13. In response to paragraph 13, this answering Defendant incorporates by reference its admissions and denials as set forth in paragraphs 1 to 12, inclusive as if set forth in full herein.

14. In response to paragraph 14, this answering Defendant denies the allegations of this paragraph.

15. In response to paragraph 15, this answering Defendant denies the allegations of this paragraph.

16. In response to paragraph 16, this answering Defendant are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore deny said allegations.

17. In response to paragraph 17, this answering Defendant incorporates by reference its admissions and denials as set forth in paragraphs 1 to 12, inclusive as if set forth in full herein

18. In response to paragraph 18, this answering Defendant denies the allegations of this paragraph.

19. In response to paragraph 19, this answering Defendant denies the allegations of this paragraph.

20. In response to paragraph 20, this answering Defendant are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore deny said allegations.

21. In response to paragraph 21, this answering Defendant incorporates by reference its admissions and denials as set forth in paragraphs 1 to 20, inclusive as if set forth in full herein

22. In response to paragraph 22, this answering Defendant are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore deny said allegations.

23. In response to paragraph 23, this answering Defendant are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore deny said allegations.

**AFFIRMATIVE DEFENSES**

1. AS AN AFFIRMATIVE DEFENSE, this answering Defendant alleges that the Complaint on file herein, and each Cause of Action stated therein, fails to state facts sufficient to constitute a cause of action against this answering Defendant.

2. AS A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that at the time of this incidents referred to in the Complaint, the PlaintiffS were negligent or at fault and failed to use that degree of care and caution which a reasonable prudent person would have used under the same or similar circumstances; that the Plaintiffs' negligence or fault must be compared with the negligence or fault of the Defendants, as well as that of any other persons or parties, and that any award to the Plaintiffs must be reduced by the amount that the Plaintiffs' negligence or fault contributed to the injuries and damages, if any there were.

3. AS A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that all events in connection with the incidents alleged in the Plaintiffs' complaint and any resulting injuries or damages therefrom, if any there were, were contributed to and proximately caused by the negligence of the Plaintiffs, in that the Plaintiffs failed to exercise ordinary care for their own safety under the circumstances, thereby barring the Plaintiffs from any recovery.

4. AS A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that at the time and place of the incidents alleged in the Complaint, the Plaintiffs knew of the danger and risk incident to their activity, but nevertheless freely and voluntarily exposed themselves to all risks of harm and therefore assumed all risk of harm incidental thereto.

5. AS A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant allege that they acted in good faith and did not directly or indirectly perform any acts whatsoever which would constitute a breach of any duty owed to the Plaintiffs.

6. AS A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that they are not liable for any punitive damages in that Defendants have never taken any action with a willful or conscious disregard of the Plaintiffs' rights, have not engaged in any despicable conduct with respect to Plaintiffs nor performed or omitted any act which would constitute intentional misrepresentation, deceit or concealment of a material fact with the intention of depriving the Plaintiffs of property, legal rights or causing injury.

7. AS A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant allege that at all time relevant to this litigation, the acts or omissions of this answering Defendant were done while exercising due care in the execution or enforcement of a law thereby precluding the Plaintiffs from any recovery from this Defendant.

8. AS A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant allege that they are immune from liability in that the injuries and damages, if any, sustained by the Plaintiffs at the times and places alleged in the Complaint on file herein were a direct and proximate result of the acts, omissions or negligence of either the Plaintiffs or third parties not within the knowledge or control of this answering Defendant, and were sustained, if at all, without any negligence or wrongful act or omission on the part of this answering Defendant.

9. AS A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant allege that they are entitled to recover reasonable expenses, including attorneys' fees, from the Plaintiff sin that his Complaint on file herein is frivolous and was brought and maintained in bad faith and without reasonable cause, is totally and completely without merit, and was brought for the sole purpose of harassing this answering Defendant.

10. AS A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant allege that at all times relevant to this litigation, Defendants were exercising discretion vested in them and the Plaintiffs are therefore precluded from

recovering from any answering Defendant, whether or not such discretion was abused.

11. AS A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant allege that at all times relevant to this litigation, this answering Defendant acted in good faith, without malice, and under the apparent authority of an enactment thereby precluding the Plaintiffs from recovering from this Defendant.

12. AS A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that the Plaintiffs failed to comply with conditions precedent in the policy.

13. AS A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that Plaintiffs are estopped by their own conduct from asserting the allegations in the Complaint on file herein.

14. AS A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant allege that they did not violate any of the Plaintiffs' rights.

15. AS A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant allege that the policy was properly rescinded based upon the material misrepresentation and concealment in their application.

16. AS A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendants assert that Plaintiffs have failed to mitigate their damages.

17. AS A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, The Complaint, and every purported cause of action contained therein, is barred under the equitable doctrine of unclean hands.

18. AS A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, With respect to each and every purported claim for relief asserted against this answering Defendant, they deny that Plaintiffs, or either of them, have suffered any damage or injury, but in the event that the Court should determine that Plaintiffs have suffered any damage or injury, this answering Defendant allege in the alternative, on information and belief, that any damage or injury asserted in the Complaint is attributable to causes other than any alleged unlawful acts or claimed omissions of this answering Defendant.

19. AS A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE this answering Defendant asserts that the allegations of the Plaintiffs' complaint, in and of themselves, provide the Defendant with a complete defense in this matter, in that the Valdez claim was one of the types of claims that the Plaintiffs admitted would not have reported to the Defendant in their application because they believed that it was a "nuisance matter" within the policy deductible which the Plaintiffs planned to handle in house, which the Plaintiffs did handle in house for many months before they realized that the Valdez case was not a nuisance case at all and that they belatedly tendered to the Defendant to step in and provide a defense and indemnity despite the fact that the Plaintiffs failed to report the loss for many months. The very fact that the Valdez case was considered to be of the same variety as those cases that the Plaintiffs failed to identify in their application, but which turned out to be significantly more than a nuisance case, clearly establishes that the Defendants inquiry regarding the number of prior claims and suits is relevant from an underwriting standpoint simply because "nuisance" cases often turn out to be something significantly more than a mere nuisance and further establishes the materiality of the Plaintiffs' concealment of the prior claims and suits. It is not within the province of the insured to determine what is or is not material or relevant to the underwriter from an underwriting and risk analysis standpoint, yet that is precisely what the Plaintiffs did in this case. Rather, it is the applicant's duty to fully and completely respond to questions in the application and allow the underwriter to make the determination as to whether or not the information is material. The very fact that the Defendant inquired as to prior claims and suits makes those matters material as a matter of law.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

A. That Plaintiff take nothing by his Complaint and that judgment be entered in favor of Defendant and against Plaintiff;

B. That Defendant be awarded its attorneys' fees herein;

C. That Defendant be awarded its costs of suit; and

D. That this Court award such other, further or different relief as it deems

just and proper.

DATED: May 7, 2008

SOLTMAN, LEVITT & FLAHERTY LLP

By:____________________

JOHN S. LEVITT, ESQ.
Attorneys for Defendant

STATE OF CALIFORNIA, COUNTY OF VENTURA:

I am employed in the County of Ventura, State of California. I am over the age of 18 and am not a party to the within action; my business address is 2535 Townsgate Road, Suite 307, Westlake Village, CA 91361.

On May 8, 2008, I served the following document(s) described as **DEFENDANT STATE NATIONAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT; JURY TRIAL DEMANDED** on all interested parties to this action, as follows:

Jack Conway, Esq.
2460 Huntington Dr.
San Marino, CA 91108
626 285-4333
626 285-1526 fax
**Attorney for Plaintiff**

Ramin Soofer, Esq.
Law Offices of Ramin Soofer
11845 Olympic Boulevard, Suite 901
Los Angeles, CA 90064
310 478-5090
310 478-5419 fax

☒ by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

☒ **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with Soltman, Levitt & Flaherty's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Westlake Village, California, in the ordinary course of business.

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to SEE LIST BELOW for delivery to the above address(es).

☐ **BY FAX:** I caused the above-referenced document to be transmitted via facsimile from Fax No. (805) 497-1147 to Fax No. _________ directed to ___________. The facsimile machine I used complies with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2005(1), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

☐ **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the addressee(s).

☐ [State] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ [Federal] I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 8, 2008, at Westlake Village, California.

[signature]
Claudine A. Nesbitt